UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LYSHINEEK MORALES,

                       Plaintiff,

     -against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION, CAPTAIN
"JANE" RICHARDSON, first name being
fictitious as it is presently unknown,
CORRECTION OFFICER "JANE" REED, first
name being fictitious as it is presently unknown,
CORRECTION OFFICER "JANE DOES", name
being fictitious as they are presently unknown,

                       Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/3/2020
```

19 Civ. 8079 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On August 28, 2019, Plaintiff, Lyshineek Morales, filed this action. ECF No. 1. On August 30, 2019, the Court directed the parties to submit a joint letter and proposed case management plan by October 28, 2019. ECF No. 2 ¶¶ 4–5. No such submissions were filed. On October 29, 2019, the Court directed the parties to submit their overdue submissions by October 30, 2019. ECF No. 4. Again, no submissions were filed. On October 31, 2019, the Court ordered the parties to submit the overdue materials by November 1, 2019, and in the alternative ordered Plaintiff to submit a letter on the status of the case. ECF No. 5.

      The deadline again having passed without any response from the parties, the Court adjourned the initial pretrial conference *sine die* and, on November 4, 2019, directed Plaintiff to file a letter by December 2, 2019, and warned that her case could be dismissed for failure to make timely service under Rule 4(m) of the Federal Rules of Civil Procedure. ECF No. 6. Plaintiff did not submit a response. For the reasons stated below, the Court now dismisses the case, *sua sponte*, pursuant to Rule 4(m).

      Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice." Fed. R. Civ. P 4(m). The rule thus authorizes *sua sponte* dismissal for failure to serve, provided that the plaintiff has received notice of that possibility. *See Allan v. City of New York*, 386 F. Supp. 2d 542, 547 (S.D.N.Y. 2005) ("[A] court may, *sua sponte*, dismiss a complaint for failure to serve process, provided that the plaintiff is given notice of the possibility that the complaint can or will be dismissed on that ground."); *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) (explaining that a plaintiff must be given notice prior to *sua sponte* dismissal pursuant to Rule 4(m)).

The Court's November 4 order expressly notified Plaintiff that her case could be dismissed under Rule 4(m), and set a deadline by which Plaintiff was to explain her lack of prosecution of the case and any ongoing efforts to effect service.  ECF No. 6.  The Court thereby gave Plaintiff clear notice that her case could be dismissed if she failed to complete service under the Federal Rules.  Because Plaintiff has not communicated with the Court since commencing the action, and has not filed proof of service for any Defendant, the Court now *sua sponte* dismisses the case without prejudice for failure to timely effect service.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: July 3, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge